IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL FAIRFAX SOARES,<br><br>    Plaintiff,<br><br>  v.<br><br>CRAIG ROSS ET AL.,<br><br>    Defendants. | No. C 12-04910 CRB<br><br>**ORDER** |

## I.   TRO APPLICATION

Plaintiff Paul Soares, appearing *pro se*, filed suit against Defendants for conversion and fraud arising out of a business contract for maintenance of wells located in Kentucky. Complaint (dkt. 1) at 2, Ex. C.  The gist of Soares' complaint is that Defendants made misrepresentations which caused him to enter into a contract with them for well tending services, and when Soares later cancelled the contract, Defendants retaliated by stealing his property.  Id. ¶¶ 12-24.

Soares has also applied *ex parte* for a temporary restraining order.  Dkt. 2.  He essentially requests that this Court issue a stay-away order enjoining Defendants from contacting Soares, Soares' family, and Soares' business associates.  Proposed Order (dkt. 4) at 1-2.  Soares says this emergency relief is necessary because Defendants have threatened to kill him and his family "on numerous occasions over the past three years, if [he] ever

return[s] to do any business in the Commonwealth of Kentucky." See Soares Decl. (dkt. 3) ¶ 5. Soares resides in California. Complaint ¶ 1. Defendants reside in Kentucky. Id. ¶ 7.

Soares says he reluctantly returned to Kentucky in "mid-August" 2012 to take care of unavoidable business matters. Soares Decl. ¶ 7. During that trip, Defendant Craig Ross called Soares' hotel room at 2 a.m. on August 17, 2012, and threatened to kill him. Id. ¶ 8. As a result, Soares is "fearful of [his] life and for [his] family if Craig Ross comes anywhere near [them] or the properties owned by [his] children's company." Though Soares' declaration does not say so explicitly, the natural inference is that his family resides in Kentucky.

Rule 65(b) permits *ex parte* restraining orders only in "extremely limited" circumstances. Reno Air Racing Ass'n, Inc. v. McCord, 452 F.3d 1126, 1131 (9th Cir. 2006). In cases where notice could have been given to the adverse party, *ex parte* relief is appropriate only where "notice to the defendant would render fruitless the further prosecution of the action." Id. And, Rule 65(b)(1)(B) requires that the applicant certify "in writing any efforts made to give notice and the reasons why it should not be required."

Those requirements are in addition to the basic showing required to obtain injunctive relief: likelihood of success on the merits, likelihood of irreparable harm, balance of hardships in the applicant's favor, and that an injunction is in the public interest. E.g., Niu v. United States, 821 F. Supp. 2d 1164, 1167 (C.D. Cal. 2011) (citing Am. Trucking Ass'ns v. City of L.A., 559 F.3d 1046, 1052 (9th Cir. 2009)).

Here, Soares has not shown that *ex parte* relief is appropriate. In violation of Rule 65, he made no effort to explain what, if any, steps he has taken to notify Defendants or why no such notification should be required. Nor is it obvious why learning of Soares' request would increase the danger posed by Defendants over whatever danger they would pose upon being served with a court order obtained *ex parte*.

Regardless, Soares' allegations fall well short of the showing of a likelihood of irreparable harm necessary to obtain injunctive relief. Unexplained delays imply a lack of urgency and irreparable harm. E.g., Miller ex rel. N.L.R.B. v. Cal. Pac. Med. Ctr., 991 F.2d

536, 544 (9th Cir. 1993). Here, the threats he describes have been ongoing for three years, and he is physically separated from Defendants by thousands of miles. The most recent threat was made over a month ago, and as described in Soares' declaration, was directed against only him, and not his family, which may be located closer to Defendants. See Soares Decl. ¶ 8. The Court accordingly DENIES Soares' application for a temporary restraining order.

Plaintiff is ORDERED to serve Defendants with the Application, which shall be treated as a motion for a preliminary injunction, and this Order **by September 28, 2012**, and to file proof of such service with the Court. Defendants are ORDERED to respond by October 12, 2012. The Court FURTHER ORDERS that this matter shall be set for a hearing in Courtroom 6 of the United States District Court at 450 Golden Gate Avenue, San Francisco, California, on Friday, October 26, at 10:00 a.m.

## II.  VENUE

In general, civil lawsuits may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
(2) a judicial district in which a substantial part of the events of omissions giving rise to the claim occurred; or a substantial part of property that is the subject of the action is situated; or
(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action

28 U.S.C. § 1391.

Though section 1391's requirements are not jurisdictional, and can be waived by defendants, a district court may raise the issue on its own motion prior to the filing of a responsive pleading by defendants. Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986); see also Wash. Pub. Utils. Grp. v. U.S. Dist. Court for W. Dist. Wash., 843 F.2d 319, 326 (9th Cir. 1987) . Where venue is found to be improper, district courts are obligated to "dismiss, or if it be in the interest of justice, transfer . . . to any district or division in which [the case] could have been brought." 28 U.S.C. § 1406(a).

Soares' complaint alleges that venue in this district is proper because: (1) "[b]ooks and records concerning the converted property are located in the Northern District of

3

1  California," Complaint ¶ 9; (2) Soares himself resides in the district, id. ¶ 10; and (3) a
2  change of venue would be such an economic hardship to Soares that the case could not be
3  litigated, id. ¶ 11.
4      None of those reasons makes venue here proper.  Soares has not alleged that any
5  Defendant resides in this district; the events giving rise to Soares' claims occurred in
6  Kentucky; and the allegedly converted property itself is not currently, and perhaps never was,
7  in this district.
8      Accordingly, the Court ORDERS Plaintiff Soares to show cause why this case should
9  not be dismissed or transferred for improper venue under 28 U.S.C. § 1406(a).  Plaintiff's
10  response is due by **5:00 p.m. on October 5, 2012.**
11      **IT IS SO ORDERED.**

Dated: September 21, 2012

CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE